UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON D. FINK,

       Plaintiff,                      CIVIL ACTION NO. 04 CV 72921 DT

       v.                               DISTRICT JUDGE LAWRENCE P. ZATKOFF

COMMISSIONER OF               MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for judicial review of the defendant's decision denying plaintiff's third application for Title II social security disability benefits. The matter is before the court on defendant's motion for summary judgment and plaintiff's motion to remand pursuant to sentence four of § 405(g). For the reasons discussed in this Report, it is recommended that defendant's motion be granted, plaintiff's motion be denied and decision denying Title II benefits be affirmed.

Plaintiff's first two applications for disability benefits were denied in 1995 and 1997. He did not request review. On this third application, he requested review and the ALJ determined that plaintiff had not shown good cause for reopening the earlier denials, which foreclosed examination of the period prior to October 15, 1997. While the instant application was pending before the Appeals Council, plaintiff filed an application for supplemental security income (SSI)

benefits. He was awarded benefits on that application effective April 1, 2002. Plaintiff was insured for Title II benefits only through December 31, 1999. Thus, absent a finding that the earlier decisions should have been reopened, the relevant issue with respect to the time period for judicial review is whether plaintiff was disabled between October, 1997, and December 31,1999.

The first issue before the court is whether to affirm the Commissioner's determination. In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938). The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by

showing that the claimant has transferable skills which enable him to perform other work in the national economy.  Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

After hearing testimony from plaintiff and a vocational expert, the ALJ issued a decision dated March, 2002.  Plaintiff was born in 1961 and was 39 years old on the date of the ALJ's decision on the instant application.  He alleged that he became disabled as of March 21, 1994, due to mental and physical impairments resulting from an automobile accident.  The ALJ found that plaintiff's impairments arose from a serious work-related accident where he crashed the truck he was driving into a tree.  He was partially ejected through the windshield and suffered a fractured right knee and right wrist, post concussion syndrome, puncture wound to the temple.  He also has a cognitive mental disorder.  (Tr. 106)  Subsequent to the expiration of his insured status, plaintiff was found to be HIV positive.  He experienced several symptoms which were successfully treated with a drug regimen.  In 2001, plaintiff was awarded worker's compensation benefits on a continuing monthly basis.  Plaintiff, a younger individual with more than a high school education, was found to retain the ability to perform a significant range of light work.  Plaintiff had past relevant work as a truck driver, security guard, usher supervisor, laborer, and as a gas station attendant.  The ALJ determined that plaintiff was not disabled because, despite his impairments and inability to perform his past work, he could perform other jobs which existed in significant numbers, that is, a restricted range of light work with no more than one or two steps, but not involving dealing with the public or more than occasional dealing with co-workers.        Plaintiff

raises two issues on appeal: failure to reopen the previous denials and whether substantial evidence supports the decision with respect to disability.

Raising the claim for the first time in his brief to this court, plaintiff argues that the ALJ improperly denied reopening of the two earlier applications. He argues that the ALJ improperly applied the doctrine of *res judicata* to his 1995 and 1997 claims. Plaintiff contends that despite a lack of any request by plaintiff's representative to re-open the prior determinations at the hearing before the ALJ or otherwise, the ALJ should have raised this issue *sua sponte* and re-opened the earlier proceedings. The law in this regard is clear. Where a claimant is dissatisfied with a decision made in the administrative review process, but fails to appeal that decision in a timely manner, he loses the opportunity for further review and the decision becomes final. 20 C.F.R. § 404.987(a). A decision to re-open the earlier denial is discretionary, not a matter of right, and the Social Security Act provides no basis for judicial review. Califano v. Sanders, 430 U.S. 99, 108 (1977). As stated by Justice Stewart in his concurrence in Califano and as held by this circuit, a refusal to reopen a prior application is not a final decision and may not be reviewed by the courts. Harper v. Secretary of HHS, 978 F.2d 260, 262 (6th Cir. 1992); Blacha v. Secretary of HHS, 927 F. 2d 228 (6th Cir. 1990).

Recognizing that judicial review is presumed for a constitutional challenge and further recognizing that any argument for judicial review of the refusal to reopen is futile unless couched in constitutional language, plaintiff argues that the refusal constituted a denial of due process, i.e., of fundamental fairness. This claim is without merit. To be entitled to judicial review, plaintiff must establish a colorable constitutional challenge. Parker v. Califano, 644 F.2d 1199, 1203 (6th

Cir. 1981).  As held in Goldberg v. Kelly, 397 U.S. 254 (1970), the right to due process–while applicable to the termination of government benefits already being received–is not applicable where monetary benefits are being sought in the first instance.  Neither the Supreme Court nor this circuit has held that the due process clause applies to applicants for governmental monetary benefits.  See Lyng v. Payne, 476 U.S. 926, 942 (1986) ("We have never held that applicants for benefits, as distinct from those already receiving them, have a legitimate claim of entitlement protected by the Due Process Clause of the Fifth or Fourteenth Amendment.").

Assuming a due process right, plaintiff argues that the doctrine of *res judicata* does not apply to him because of the discovery of emotional and mental problems two years after denial of his 1997 claim.  He submits that his alleged mental competency issue bars application of the doctrine and/or that Ruling 91-5 applies to extend to the deadline to request review when a claimant lacks mental capacity to understand the procedures to request review.  These arguments are also unavailing.  "It is not sufficient . . . for a claimant to allege merely that he suffered from a mental impairment at the time of the earlier decision; he must show that the mental impairment eroded his ability to pursue his claim."  See Wills v. Secretary of HHS, 802 F.2d 870, 873 (6th Cir. 1986); Parker v. Califano, 644 F.2d 1199, 1203 (6th Cir. 1981).  This he has not done.  Plaintiff can read and write, speak and understand English, and has almost two years of post high school education.  (Tr. 65, 644)  While plaintiff suffered from headaches and cognitive impairments, there is not showing that he is incompetent.  His thinking was logical and coherent (Tr. 402), his IQ was 90 to 98 (Tr. 257, 529), and has no significant impairment in overall cognitive ability.  (Tr. 257, 528, 533)  Further, plaintiff's contention that the ALJ should have

developed the record more fully in order to comport with due process, is an "attempt to inflate a substantial evidence argument into a denial of due process argument in order to obtain jurisdiction." See, Grubb v. Commissioner, 124 F.3d 197, 1997 WL 530526 **2 (6th Cir.)(per curiam)(unpublished). To allow him to cast the argument as a due process claim would circumvent the Supreme Court's holding in Sanders. "Courts are not required to entertain frivolous claims merely because they are cloaked in constitutional garb." Morris v. Sullivan, 897 F.2d 553, 560 (D.C. Cir. 1990). As stated by the court in Grubb, neither plaintiff's mental impairment argument nor his assertion that the ALJ failed to develop a full record constitutes a colorable constitutional challenge to the Commissioner's refusal to reopen the earlier decisions. This court is without jurisdiction to review the Commissioner's decision on this issue.

Plaintiff also argues that the decision denying benefits is not supported by substantial evidence. Plaintiff argues that the hypothetical to the vocational expert was defective because it did not take into account his impairments resulting from his HIV infection, headaches, and speech deficits.

If a vocational expert's testimony fails to take into account the medical condition of plaintiff or if the expert is unable to testify without qualification as to the jobs plaintiff can perform, the ALJ cannot rely on the expert's testimony. Sias v. Secretary of HHS, 861 F.2d 475, 481 (6th Cir. 1988) (citing Hall v. Bowen, 837 F.2d 272, 274 (6th Cir. 1987). However, the medical issues that plaintiff raises developed after his insured status expired in December, 1999, and/or were successfully treated with medication. The rectal discomfort to which plaintiff refers existed between January, 1999, and June, 1999, and was treated conservatively with hot baths and

topical creams. (Tr. 542-550) In April, 2000, after plaintiff's insured status expired, Dr. Dean, his colorectal specialist reports that antibiotic creams were sufficient to treat the symptoms. Further, no physician has stated that the HIV-related symptoms presented functional limitations with respect to his ability to work. Also, plaintiff has not shown that his headaches were so debilitating as to be disabling. Treatment notes from Dr. Awerbuch show that medication was effective in treating and controlling the headaches. (Tr. 307-309, 312, 315, 316, 328, 333) CT scans in 1994 and 1995 were normal. (Tr. 304, 314) An MRI in 1996 was also unremarkable. (Tr. 330) Plaintiff did not seek further treatment after seeing Dr. Awerbuch. Although plaintiff reported dizzy spells and feeling like he was going to pass out, these occurred in February and March, 2000, after his insured status expired.

    In <u>Duncan v. Secretary of HHS</u>, 801 F.2d 847 (6th Cir. 1986), this circuit modified its previous holdings that subjective complaints of pain may support a claim of disability. Subsequently, the Social Security Act was modified to incorporate the standard. 20 C.F.R. § 404.1529 (1995). A finding of disability cannot be based solely on subjective allegations of pain. There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. <u>Jones v. Secretary of HHS</u>, 945 F.2d 1365, 1369 (6th Cir. 1991). Given the lack of objective evidence of disabling pain during the relevant time period and successful treatment with medication, it was reasonable for the ALJ to conclude that the

plaintiff's complaints were not fully credible and the headaches were not disabling before January 1, 2000.

Accordingly, it is recommended that the defendant's motion for summary judgment be granted, the plaintiff's motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) be denied, and the decision denying Title II disability benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

Dated:  June 23, 2005                             s/Virginia M. Morgan
                                                  VIRGINIA M. MORGAN
                                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON D. FINK,

        Plaintiff,                    CIVIL ACTION NO. 04 CV 72921 DT

   v.                              DISTRICT JUDGE LAWRENCE P. ZATKOFF

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record by electronic means or U.S. Mail on June 23, 2005.

                                      s/Jennifer Hernandez
                                      Case Manager to
                                      Magistrate Judge Morgan